Good morning, Maitreya Badami on behalf of Petitioner and Appellant Anastasio Lara. I would like to reserve one minute for rebuttal. We've only got time left on the clock. It's all yours. May it please the Court? In this case, I believe we have some – I'm sorry. The primary issue, obviously, is the application of the standard of review to what has been agreed and conceded by both sides at every stage of these proceedings to have been a constitutional error in the appellant's trial in the State court. The State prosecutor conceded at the State – No. I'm sorry? Before you get too far, one problem I had in dealing with this case is I don't know – we don't have a copy, or at least I don't have a copy of the verdict form. I do. Because you have the full record. Right. You could have asked me. Yeah. I only noticed it late last night that I – what exactly was the finding of – there was a finding of two on the enhancement. What exactly did it say? I'm not sure if the excerpt has the exact wording. I'm pretty sure the excerpts don't have it. It was too late to call Judge Fletcher to get it last night. I've got them right here if you want the language. So with respect to the attempted murder account, the jury found true the allegation that it was premeditated and deliberate. Well, what was premeditated? A full premeditation. The exact language was willfully, deliberately, and with premeditation, attempted the murder. Correct. And as I pointed out in my brief, there are two reasons why the application – the jury's finding of true on that allegation is not dispositive in this case. The first reason is because, according to other instructions provided to the jury, they did not reach the issue of whether or not the allegation, which is a penalty allegation, is true until they have found guilt of attempted murder. If they did not find the attempted murder count – did not find the defendant guilty, they would not have reached the allegation. So for the first – in the first instance, you cannot actually look to that true finding as proof that the jury, in fact, relied on an express malice theory. So that's – procedurally, that is true that they could – you can't use that as proof. What do you do about Ficklin? Excuse me? About Ficklin. Well, Ficklin is clearly an opposite. In Ficklin, the defendant was – the jury was instructed on one constitutional and one unconstitutional theory, which is similar to here. However, the instructions in Ficklin indicated that the only way the jury could reach a first-degree murder conviction was to find that it was a premeditated murder with malice of forethought, the classic first-degree murder instruction. If they were to have found the defendant guilty of murder on the faulty instruction, it would have had to have been murder in the second degree, because they were instructed that felony murder and all other forms of murder are murder in the second degree. So because of the instructions that they were given, even though they should never have been considering felony murder at all as a violation of double jeopardy, they – it is – it is impossible that they did rely on that, or they would have reached a verdict of second-degree murder. I guess I'm – I guess I'm having a hard time figuring out why that's different from your case, because let's – let's say they go through the wrong doorway in finding – in their basic finding, but then they get to the enhancement and they find that attempted murder is done with malice, with expressed malice. So we – well, we – I'm sorry, Your Honor. Actually, the instruction that they were given on the allegation does not have the words expressed malice. It actually normally does. But the one that they received... Well, I – I – I understand it doesn't. I mean, Judge Fletcher just read it. I was using a shorthand. What they said – what – what they were required to find are the elements of expressed malice, premeditation, deliberation. I'm sorry, Judge. Willfully, deliberately... Willful, deliberate... ...with premeditation. That's – that's – that is expressed malice. They amount to – yes. It amounts to the same terms that are included in the element of expressed malice. However, in this case, the words that were used, the definition that was used for the allegation enhancement is, in fact, similar to the exact language that is given in order to – in order for the jury to determine between a murder conviction, whether first or second degree, and a manslaughter conviction. In other words, it is not in any way dependent on their finding for sure that there is expressed malice. They can make that – they make their finding if they do not find a willful, premeditated... You know, I realize that's a – that's certainly a theoretical possibility, that they proceed through the one gateway by way of implied malice. I'm – I think that is a theoretical possibility. But then they get to the enhancement. They find expressed malice for the murder. It wasn't just – it says – I'm sorry, the attempted murder. They find the elements of expressed malice. So at the very least, it tells you that if they had – if they did happen to have gone through the wrong gateway in getting – to begin with, they surely, had they gone through the correct gateway, would have reached exactly the same result, because we know they found it to be premeditated, deliberate, and willful. I just can't see any way around that. Here is why I think that's a problem. That is suggesting that if the wrong gate, meaning an unconstitutional theory of guilt on attempted murder, and then which they got to because they, A, were misinstructed, and B, the prosecution relied on the elements of implied malice, he tracked it in his closing argument so that he would actually suggest to the jury, this is how you get here, which everyone agrees, the State Court of Appeals. I'm allowing that they might have gone through the wrong gateway. But we're doing harmless error analysis, or as Judge Breyer correctly pointed out. The absolute certainty analysis. It's a species of harmless error, although it's a very high harmless error. And we ask ourselves, okay, let's say the error had not been committed. And let's say, even theoretically, we think that during the same deliberation, they went through the wrong gateway. But still, they eventually went through the right gateway, even though in a different stage of the deliberations. The reason I think that is not a tenable position is because if the jury reached their verdict on the count of guilt through an unconstitutional theory, which the Court is suggesting is a theoretical possibility here, then what they did on a penalty enhancement, which they cannot, under their instructions, reach until they know whether the defendant is guilty or not of attempted murder. Kennedy. We're assuming that. Okay. Assuming. They found him guilty. They found him guilty under one of two theories, one valid, one unconstitutional. Right. That's a next step. And under your theory, they found him guilty under implied malice. If they found him. They have been clearly instructed on. And now they get to this enhancement. If they had found him guilty under implied malice, wouldn't they have answered the second question, no? No, because the language of the penalty allegation is such that even if you had used an implied malice theory to convict, the language is not sufficiently clear that it requires. I understand the Court's position. The language is essentially equivalent to express malice, yet it doesn't say you need to express malice. And that language could, in fact, be consistent with a finding of implied malice. The instruction in the allegation is just not clear enough. And what is notable, as I state in my brief, is that the normally used Calgic instruction on the penalty allegation includes the words express malice, and it was pointedly left out of the instruction in this particular case. So they have the jury has been put in a position of being confused. They've been given improper instructions by the Court, which have been argued both in closing and in rebuttal by the prosecution. And they then, they reach a penalty enhancement that they may not understand properly what it means, and they find it true. I find the State's ---- I think we understand your position, Fred, your brief. Do you want to save the rest of your time for another? Oh, I want to ask a question. Oh, by all means. We have this doctrine of absolute certainty. So what do we look at? Here, we know from the facts that he went and got the gun, and he held it up to the head and shot him. And we have the jury telling us that it was willful and it was deliberate, and it was with premeditation. Can you, with a straight face, say that they wouldn't have found express malice? I can only say that the meaning of absolute certainty is not to ---- the reason it's an enhanced form of harmless error analysis is because there is this possibility that they applied the wrong theory. And in our system of justice, a defendant is deprived of his right to a jury trial if no matter what the evidence of guilt, the jury actually relied on an unconstitutional charge in order to find him guilty. In this case, you cannot find a defendant guilty of attempted murder on an implied malice theory, as everyone agrees. So this is not a matter of how bad the facts are. It's a matter of can we actually know that one or two jurors, for example, in this general verdict didn't think, well, I think you can imply malice from these surrounding circumstances. I don't necessarily think he showed express malice, but I'm going to find him guilty because the prosecutor just told me that the way to do that is to follow the implied malice instruction. But what does willful and what does deliberate and what does premeditation mean? We can get into ---- I mean, I can pull out the Calgic and go through what each of those things mean. That's enough of that. Thank you. We'll allow you about one minute for rebuttal in any event. We'll hear from the State. May it please the Court, David Vascon for Respondent. I think that what the Court was getting at is when the jury said that the murder, the attempted murder, was premeditated and deliberate, it meant that. And I don't understand Appellant's argument that it came afterwards. If the jury said that, I don't see that there's any meaningful difference whether it said that before it reached its substantive decision or after. That's what the jury found. Certainly if you had two stages of deliberation, you might worry about it. I mean, let's say they're first asked to find guilt or innocence, and then the judge says, okay, now having found guilt or innocence, we're going to send you back. I mean, have found some guilt, rather. We're going to send you back and ask you to deliberate about the enhancement separately. I mean, it would be a little strange to do that, but maybe there's additional evidence. You know, who knows? Or maybe the judge thinks it's a more early way to proceed. So, you know, we won't have them worrying about the enhancement until they find guilt. So we have this somewhat unusual procedure where you find guilt first, and then the judge now sends them back to deliberate about enhancement. In that case, it's certainly possible that they could have used one methodology at one stage of deliberations. And then when really pressed, you know, that they maybe took the easier way to reach the guilt verdict than they needed to. Maybe it was easier to say, well, it's at least implied malice. So we're not going to worry about whether it is expressed malice. But then when they're pressed for a definitive answer in the next side of the deliberations, they say, yes, there is. I think that makes sense, and that's an interesting question. But I guess your position here is that it's one verdict and that juries don't go linearly through it. They go back and forth. Well, our position is if there is such a thing as the absolute certainty test, the most certain way to make sure that the jury knew what it was doing or did what we think it did is to look at other verdicts. And if those other verdicts were instructed properly and the jury gave the answer there, I don't know how much more certain we can be than that. Well, how about the argument, though, that when they are given an instruction on attempt, the instruction makes an express distinction between express malice and implied malice. And then when you go to the enhancement, the express malice terminology is omitted. Your Honor, I'd like to ---- Leaving the jury, therefore, as I understand it, in a position of having to track back to what it went through on the attempt and decide whether what they just found as implied malice as a hypothesis fits within the language of the enhancement, what is it that assures us that tracking back, you can't look at the definition of implied malice that they were given and decide that that would qualify in their view for the ---- as coming within the enhancement? Your Honor, I think we're proceeding with a false premise here. I think if the jury indeed studied these instructions and took them at face value, we have no ---- That's my point. We have no error here. No, that's my point. I'm doing the same thing, and I'm trying to figure out if I were a juror and I went back and looked at malice as implied when the attempted killing resulted from an intentional act, the natural consequences of the act are dangerous to human life, and three, the act was deliberately performed with knowledge of the danger. And now I go to the enhancement and I look at that and go back to what I've just read. How do they make the distinction between express and implied in the enhancement? Well, Your Honor, I would look at it from a different perspective. I'm looking at the perspective that you just laid out for the jury, which I think is logical. They may not go entirely linearly, but they are instructed to go through express, implied for attempt. Then they're instructed only if they found them guilty do they go to the next. So presumably they followed that instruction. Well, I think that there's a lot to be said about the difference between implied and express malice not being all that significant and that they are very confusing terms. And I think that we could have a long conversation about that. Isn't it conceded that the implied malice instruction was unconstitutionally imprinciple? Your Honor, if I had to do it again, I would not concede that. I'd like to address that right now. If we look, I know we don't have a lot of time, if we look at the instruction, the instruction on the elements of attempted murder said, had two elements. One of them was express malice. There's nothing in the elements of the crime talking about implied malice. A couple of pages later in the instructions, there's a definition of malice. It can be implied or express. If the jury looked at the instructions, they looked at the elements, the elements said you must find express. They look further down, it says malice can be implied or express. It says, well, that's fine that malice can be implied or expressed, but it says over here that has to be expressed. So we're going to ignore that because it doesn't fit in. This is what we're looking at. We're looking at the elements of the crime. Just because malice can be implied or expressed doesn't mean anything to the jury if they followed it. I'd like to go back just quickly to what the Court was originally talking about. I do believe that Ficklin supports our case. In that case, the Court was able to look at two different theories, and because it could tell from the jury's verdict, the jury found premeditation and deliberation, it knew that it could be absolutely certain. I'd also like to point out that the jury rejected the aggravated mayhem charge. There's only one reason that makes sense why they rejected that, because they didn't find a specific intent to disable. We know that the jury believed the prosecution's evidence. The evidence was that the appellant walked up to two different victims, stood two or three feet away, aimed a .45-caliber gun in their faces, shot them in the head. Now, if the jury did not believe that he was trying to disable them, then there's only one other alternative, that he was trying to kill them. I think that's very clear from the evidence. It's very clear from that jury. They didn't find them guilty of aggravated mayhem, but they did find them guilty of mayhem. Right. So the distinction between ordinary mayhem and aggravated mayhem is the specific intent to disable. That's the only meaningful distinction. There's also whether it's intentional or not. But we know from another jury instruction that the jury found that it was intentional. He intentionally shot the gun. I'd also like to point out that the jury deliberated for two days. An hour before they announced that they had reached their conclusions, they asked the court, is intent to kill the same thing as specific intent to permanently disable? And that shows that they were thinking about this instruction on aggravated mayhem. They had already decided that we have intent to kill. If there are no questions, thank you, Your Honor. As I indicated in my brief, I don't believe the jury's question can be looked at as being so clear that they had decided intent to kill. It's equally amenable to the theory that they couldn't decide whether it was they couldn't reach the question of whether or not it was intent to permanently disable or merely intent to do, to attack discriminately. The significant issues for the Court to look at are all addressed on page 21 of my brief, and I believe that Your Honor had already raised this issue. The terms willful and deliberate apply equally to the intentional doing of a dangerous act deliberately performed with conscious disregard for life. That is the definition of implied malice, which means that by being given the instruction on the allegation absent the language with expressed malice, the jury was twice instructed in a manner that would have permitted this entire verdict and finding to have been based upon an implied malice theory. The fact that the prosecutor argued that theory both in the closing and in rebuttal completely belies the idea that the State has put forth that because of the way the instructions are set up, there's no way the jury was thinking about implied malice. They were told they should be thinking about it, and they most likely were. Okay. Thank you. Thank you.
judges: B. Fletcher, Kozinski, Fisher